UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TIMOTHY ANTHONY J., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | CASE NO. 2:19-cv-01052-BAT <br><br> **ORDER REVERSING AND REMANDING FOR PAYMENT OF BENEFITS** |

Plaintiff brought this action under 42 U.S.C. §§ 405(g), 1383(c)(3), seeking judicial review of Defendant Commissioner's final decision denying his application for supplemental security income under Title XVI of the Social Security Act. Defendant concedes the administrative law judge's (ALJ's) decision contains errors and that Plaintiff is entitled to judgment. Dkts. 10 and 12. However, the parties disagree on whether the Court should remand for further proceedings or for an award of benefits. Plaintiff contends that further development of the record is not necessary as his disability has been established. Defendant contends that the record before the Court does not unambiguously establish that Plaintiff is disabled.

For the reasons explained herein, the Court finds that the case should be reversed and remanded for an immediate award of benefits as of March 30, 2015, Plaintiff's SSI application date.

ORDER REVERSING AND REMANDING FOR PAYMENT
OF BENEFITS - 1

## STANDARD OF REVIEW

When the Commissioner's final decision is not supported by substantial evidence, the reviewing court has the discretion to reverse and remand either for further proceedings or for an award of disability benefits. 42 U.S.C. §§ 405(g), 1383(c)(3); *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). This discretion is constrained by the Social Security Act, however, which authorizes payment of benefits only for individuals "under a disability." 42 U.S.C. § 423a(1)(E); *see also* 42 U.S.C. § 1382(a) (referring to a "disabled" individual).

Errors in the ALJ's decision, "no matter how egregious," do not automatically entitle a claimant to disability benefits. *Strauss v. Comm'r of Soc. Sec.,* 635 F.3d 1135, 1138 (9th Cir. 2011). "To condition an award of benefits only on the existence of legal error by the ALJ would in many cases make disability benefits available for the asking, a result plainly contrary to [the statute]." *Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (internal quotations and citations omitted). A Court may make a disability finding even when the agency did not, if:

(1) the ALJ failed to provide legally sufficient reasons for rejecting evidence;

(2) the record has been fully developed, there are no outstanding issues that must be resolved before a determination of disability can be made, and further administrative proceedings would not be useful; and

(3) the record, taken as a whole, leaves not the slightest uncertainty that the claimant would be disabled if the relevant evidence were found credible.

*Treichler v. Comm'r of Soc. Sec.*, 775 F.3d 1090, 1100-01 (9th Cir. 2014) (internal quotation marks omitted). Even if all three elements of the credit-as-true standard are satisfied, courts have flexibility on whether to award benefits, and should not do so where the record, as a whole, creates serious doubt that the claimant is disabled. *Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014).

DISCUSSION

Defendant contends this case should be remanded for further proceedings because there are treatment notes "discordant with symptom testimony and examining opinion evidence and indications of drug abuse." Defendant also contends that further proceedings are needed to obtain additional psychological expert evidence.

A.   Treatment Record

The Commissioner argues that conflict exists between treating provider notes documenting complaints of depressive symptoms, and indications that Plaintiff was improving with medication and notes that, by November 2016, there was no indication of worsened depression or anxiety. Dkt. 12 at 4-6.

Although there are records indicating Plaintiff reported doing better on depression medication, there is also evidence that Plaintiff has difficulty articulating his limitations and it was for this reason that in June 2017, Plaintiff was sent for a comprehensive neuropsycholigcal evaluation to better assess his limitations. At that time, Dr. Dana Harmon, Ph.D., subjected Plaintiff to a complex psychological evaluation, including multiple tests such as the Beck Depression Inventory (BDI-II), the Clock Test, Folstein Mini Mental Examination (MMSE), Trails, Wechsler Adult Intelligence Scale (WAIS-IV), Wechsler Memory Scale (WMS-IV), and a mental status examination (MSE). Tr. 764. Dr. Harmon also reviewed medical records, including chart notes from the Madison clinic (where Plaintiff's HIV is treated), Harborview Medical Center records, the psychological evaluation completed by Dr. Margaret Dolan in November 2015, and the psychological evaluation completed by Dr. David Widlan in April 2016. Tr. 764.

1    Dr. Dolan, who examined and evaluated Plaintiff at the request of the Social Security

2    Administration (SSA) in November 2015, diagnosed Plaintiff with bipolar disorder, depressed,

3    moderate with anxious distress, a long-standing mood disorder with psychotic paranoid ideation

4    that interferes with his socializing or working with others, and learning problems. Tr. 646. Dr.

5    Dolan believed that Plaintiff's "quiet and cooperate demeanor camouflages his serious

6    psychiatrict illness." Dr. Dolan strongly recommended a neuropsychiatric and

7    neuropsychological evaluation. Tr. 647.

    In April 2016, Dr. Widlan also evaluated Plaintiff's functional limitations. Dr. Widlan

    diagnosed Plaintiff with major depressive disorder, generalized anxiety disorder, r/o PTSD, and

    r/o specific learning disorder and noted marked limitations in Plaintiff's ability to adapt to

    changes in a routine work setting, communicate and perform effectively in a work setting, and to

    complete a normal workday or workweek without interruptions from psychologically based

    symptoms. Tr. 653.

    Similarly in June 2017, Dr. Harmon diagnosed Plaintiff with a mild neurocognitive

    disorder, due to multiple etiologies; stimulant use disorder, severe, in remission; and major

    depressive disorder, recurrent, severe. Tr. 770. Dr. Harmon opined that Plaintiff would have

    marked limitations in his ability to maintain attention and concentration for extended periods of

    time, lack the ability to function satisfactorily from 21 to 35 percent of an eight-hour workday or

    perform activities within a regular schedule, maintain regular attendance, and be punctual within

    customary tolerances. Tr. 771-772. Dr. Harmon also noted marked limitations in Plaintiff's

    ability to complete a normal workday or workweek without interruptions from psychologically

    based symptoms and to perform at a consistent pace without an unreasonable number and length

of rest periods, and in Plaintiff's ability to accept instructions and respond appropriately to criticism from supervisors. *Id*. Dr. Harmon concluded:

> Timothy's prognosis is guarded. He has severe medical difficulties coupled with significant mental health issues and neurocognitive limitations. He would benefit from medical care, a connection to mental health services or support groups, treatment with antidepressant medications, and from assistance with higher- level activities of daily living. Even with these supports, Timothy is unlikely to be able to return to full- time work in the near future. Timothy seems capable of handling funds in his own best interest, with help from his family, but this should be monitored over time.

Tr. 769. Thus, Dr. Harmon's evaluation report, which postdates the treatment records wherein Plaintiff reported improvement on medication, reveals comprehensive objective medical evidence that Plaintiff is disabled. The Commissioner concedes that the ALJ improperly rejected this neuropsychological evaluation report but fails to articulate how, in light of this evidence, further development of the record is likely to lead to additional facts.

B.  Drug Use as Contributing Factor to Finding of Disability

When the record contains evidence of drug abuse and/or alcoholism (DA&A), the ALJ must determine whether the DA&A was a contributing factor material to the finding of disability. 20 C.F.R. § 416.935; Social Security Ruling (SSR) 13-2p, available at 2013 WL 621536. If an ALJ finds that a claimant is disabled, but that DA&A is a contributing factor material to the disabling condition, then the claimant is disqualified from receiving benefits. 42 U.S.C. § 423(d)(2)(C).

The Commissioner argues that this case should be remanded so that the ALJ may determine if Plaintiff's substance use is a material factor to the finding of disability and points to evidence that "may suggest" ongoing amphetamine use in September 2016. Dkt. 12 at 7 (citing Tr. 802 and 807). The ALJ found Plaintiff had severe impairments, including substance addiction disorder in remission and cannabis dependence disorder, and concluded:

ORDER REVERSING AND REMANDING FOR PAYMENT
OF BENEFITS - 5

> Although the effect of drug dependence upon the claimant's mental health is a factor in this case, the evidence does not establish clear distinction between the claimant's ability to function with and without substances. Therefore, his substance use is not a material factor in this case.

Tr. 17. The Commissioner argues that the ALJ's remission finding was in error and "further psychological evidence would be helpful in determining functioning with and without substances." However, as previously discussed, that additional psychological expert evidence was requested and accepted by the ALJ in June 2017. Dr. Harmon found that Plaintiff's earlier abuse of meth probably exacerbated his problems, "but he is apparently in recovery at this time [and his] earlier drug abuse does not appear to be material to his current medical, mental health, or neurocognitive difficulties." Tr. 769.

Accordingly, the Court concludes the ALJ did not err, defers to the DA&A materiality finding made by the ALJ, and rejects the Commissioner's argument.

C.  Additional Psychological Expert Evidence

The Commissioner argues that "the discrepancy between the treatment record and the examining opinion evidence, as well as indications of amphetamine and cannabis use during the relevant period of time," provide the need to obtain further psychological expert evidence. Dkt. 12 at 8. As previously noted, there are no unresolved discrepancies. Additionally, the need for further psychological evidence was already addressed and obtained in June 2017 – and was improperly rejected by the ALJ.

Allowing yet another psychological examination creates the type of "heads we win; tails, let's play again' system of disability benefits adjudication," that the Ninth Circuit has repeatedly cautioned against. *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004).

## CONCLUSION

Remand for further administrative proceedings is appropriate if enhancement of the record would be useful. Conversely, where the record has been developed fully and further administrative proceedings would serve no useful purpose, the district court should remand for an immediate award of benefits.

Here, a remand for an immediate award of benefits is warranted. First, the parties agree the ALJ failed to provide legally sufficient reasons for rejecting evidence. Second, there are no outstanding issues that must be resolved before a determination of disability can be made. The psychological report suggested by the Commissioner was already performed, accepted by the ALJ, and wrongfully rejected by the ALJ. Third, the record taken as a whole, clearly shows that Plaintiff would be found to be disabled if the relevant evidence were found credible. Had the ALJ given appropriate weight to the symptom testimony, the opinions of the examining psychologists, and lay statements, he would have found Plaintiff disabled. For example, Dr. Harmon found that Plaintiff could not perform work activities on a regular and continuing basis. *See* SSR 96-9p ("RFC is the individrual's maximum remaining ability to perform sustained work on a regular and continuing basis; i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule.").

Accordingly, the Commissioner's decision is **REVERSED** and this case is **REMANDED** to the Social Security Administration for payment of benefits under Sentence Four of 42 U.S.C. § 405(g).

DATED this 5th day of February, 2020.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge